By the Court.—Monell, J.
The right of the plaintiff to cross the avenue, and.the relative duty of drivers of vehicles, in respect to such rights, was correctly and forcibly stated to the jury by the learned justice before whom the action was tried.
This right of foot passengers to travel upon the public highway, and especially to use the crossings, has been frequently asserted by this court, and should be, sometimes at least, recognized by the drivers of ve *185 hides, who practically and habitually regard foot passengers as mere intruders upon and obstructors of the highway, and who can be run over with impunity (Baxter v. Second-Avenue R. R. Co., 3 Robt. 511 ; Barker v. Savage, 1 Sweeny, 288).
The question involving the defendants’ negligence was put to the jury for them to determine. There was some evidence—sufficient, I think, to require it to go to the jury—which renders it improper for us to interfere with the verdict.
Having conceded to the plaintiff his right to make the crossing at the time, in the manner, and under the circumstances, it very properly became a question with the jury, whether the driver of the cart, following up the car as closely as he had, was not bound, in turning out from the track, to exercise a much higher degree of caution than he appeared to have done, to avoid running over or running down foot passengers who were rightfully upon the cross-walk.
It is evident, that had the defendants’ driver, when he drew out from behind the car, gone cautiously, and carefully,—in other words, gone slowly on,—until the car had passed, the plaintiff would not have been injured. The jury were authorized by the evidence, to find, and we must assume that they did find, that the cart was, at the time of the accident, being driven at an imprudent and careless rate of speed, thereby causing ■the injury to the plaintiff.
The judgment should be affirmed.
Note.—Barker v. Savage was reversed by the court of appeals (45 N. Y. 191).
It is submitted that such reversal does not necessarily conflict with the principles above laid down. The court of appeals in that case construed the charge of the court below as laying down the propositions, that a foot passenger on entering upon a crossing was not bound to use as much care as a co-equal right of way in himself and vehicles would be required, and that after entering upon the crossing *186 he was relieved from exercising any care or caution for his safety, and held such propositions erroneous. The charge in the above case refers to the rights of foot passengers, abteb having properly entered on its crossing, and does not relieve from all care or caution for his safety.